**R.I.Bankr. Form W.2**
(Revised 12/1/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE:
**Frank P. Vescera**
**Geri-Anne Vescera**

CHAPTER 13
CASE NO: **1:11-bk-11431**

Debtor(s)

**2nd** *[indicate 1st, 2nd, 3rd, etc.]*
**AMENDED CHAPTER 13 PLAN AND APPLICABLE MOTIONS DESIGNATED BELOW:**

**This amended plan:**    ☒ **Does adversely affect creditors or is filed after the 341 meeting.**
☐ **Does *not* adversely affect creditors and is filed prior to the 341 meeting.**

Check for motions applicable to this plan amendment:

( )    **Motion to Avoid Lien(s)**
( )    **Motion to Modify Secured Claim(s)**
( )    **Motion to Assume/Reject Lease(s)**
(X)    **No motions applicable to this plan amendment**

On _____, Debtor's original Chapter 13 plan was confirmed. If applicable,
[date confirmed]
further amendments were made on _____ [dates of later amendments].

This Amended Chapter 13 Plan, including certain motions and other provisions, is hereby **amended** as follows:

1. The plan payments are $1,259.00 for 14 months and $*1,497.00* for 46 months.

2. The contract interest rate of the mortgage held by BAC Home Loans Servicing, LP is 6.125%.

3. The arrearage to BAC Home Loans Servicing, LP is $34,212.96.

4. The motion to modify the secured claim of BAC Home Loans Servicing, LP is withdrawn.

5. The priority claim of the Internal Revenue Service is $16,363.47.

6. The priority claim (shown as #2 on plan) of the RI Division of Taxation is $739.00.

7. The debtor estimates that a total of $*22,448.70* will be available for distribution to unsecured creditors on a pro rata basis, which represents an estimated dividend of *11*% of their claims. This percentage is for calculation purposes only. The Plan provides for a specific set amount to be paid into the plan, not a percentage of the debt. The debtor calculates that a minimum of $0.00 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $263,445.60 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

TAKE NOTICE:  Your rights may be affected. You should read this amendment to the Chapter 13 Plan carefully, including any motions contained therein, and discuss them with your attorney, if you have one, in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you object to the confirmation of the proposed plan of the debtor(s) as amended, including any of the motions included therein, then you or your attorney must file with the Court a written objection to confirmation and/or to the motions contained therein at the following address:

Clerk, U.S. Bankruptcy Court, 380 Westminster St., Providence, R.I., 02903

**OBJECTIONS:** Your objection to confirmation and/or to the motions contained in the plan must include the specific reasons for your objection, a**nd must be filed with the Court no later than seven (7) days before the confirmation hearing, or within twenty-eight (28) days of service of the amendment, whichever is greater**, and applicable.

If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadlines stated above.  You must also serve a copy of your objection to confirmation, and any applicable motions contained therein, on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s) as amended, including any motions contained therein, and may enter an order confirming the amended plan and granting the motions. **Any creditor's failure to object to confirmation of the proposed plan as amended shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

**PLAN SERVICE AND SIGNATURES:**

Pursuant to the R.I. LBR 3015-1(b), the Debtor or his/her counsel is required to serve a copy of the Chapter 13 Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly. In addition, if the Debtor has included a Motion to Modify Secured Claim and/or a Motion to Avoid Lien in this plan, the Debtor must also comply with the service requirements contained in R.I. LBR's 3015-1(c)(1) and 4003-2.

I/We declare under penalty of perjury that the information provided in the Amended Chapter 13 Plan, including any applicable Motion(s) to Modify Secured Claim(s); Motion(s) to Avoid Certain Lien(s); and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Lease(s), as to all matters set forth herein, are true and correct to the best of our knowledge and belief:

Dated  **August  3, 2011**                                               **/s/ Frank P. Vescera**
                                                                                    Debtor's Signature
Dated  **August  3, 2011**                                               **/s/ Geri-Anne Vescera**
                                                                                    Debtor's Signature

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated  **August  3, 2011**                                               **/s/ Robert A. Arabian**
                                                                                    Attorney for the Debtor